IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                                          |   |
|------------------------------------------|---|
| ANTOINE SHERMAN, et al.,                 | ≬ |
|                                          | ≬ |
|          Plaintiffs,                     | ≬ |
|                                          | ≬ |
| vs.                                      | ≬    No. 10-2282-STA-tmp |
|                                          | ≬ |
| SAXON MORTGAGE SERVICES, INC., et al.,   | ≬ |
|                                          | ≬ |
|          Defendants.                     | ≬ |
|                                          | ≬ |

---

ORDER OF DISMISSAL
ORDER DENYING A TEMPORARY RESTRAINING ORDER
AND A PRELIMINARY INJUNCTION
AND
ORDER DIRECTING CLERK TO DELAY ENTRY OF JUDGMENT
FOR 30 DAYS

---

On April 16, 2010, Plaintiffs Antoine Sherman and Keva Cole, who are residents of Bartlett, Tennessee, filed a pro se civil complaint, entitled "Complaint to Restrict and Prohibit Foreclosure, Motion to Set Aside Foreclosure & Damages and Demand For Trial." (Docket Entry ("D.E.") 1.) Plaintiffs paid the civil filing fee. (D.E. 2.) The Clerk shall record the defendants as Saxon Mortgage Services Inc. ("Saxon") and the law firm of Wilson & Associates, P.L.L.C. ("Wilson"). Saxon is alleged to be "the alleged creditor that holds plaintiffs' [mortgage] loan" and Wilson is alleged to be "the trust administrator of a trust that is assignee of alleged loan." (D.E. 1 at 1.)

The complaint contains few factual allegations. Plaintiffs have a mortgage on their residence with a term of thirty (30) years. The originating lender is not identified.[1] The mortgage went into default, and Saxon foreclosed. The complaint alleges that, on or about April 9, 2010, Saxon attempted to sell Plaintiffs' property at public auction. (Id. at 1-2.) The complaint further alleges as follows:

6.   Plaintiff, Antoine Sherman & Keva Cole, discovered that in order for Defendant(s) to recover on a promissory note/instrument, the Defendant must prove existence of that note, prove that the Plaintiff signed the note, that the Defendant is the owner or holder of the note in due course, and that a certain balance is due and owing on the note.

7.   Unequivocally the Court's [sic] rule that in order to prove the "instrument", possession is mandatory.

8.   The note is specifically governed by federal law and Negotiable Instruments Law of this State [T.C.A. Consolidated Statutes title 47] as is the validity of the Mortgage Security interest lien.

9.   Defendant, SAXON MORTGAGE SERVICES INC. through its agent or assigns violated T.C.A. Title 47 in Uniform Commercial Code section 3-305(a) 1, in that he materially altered a contract without the consent of Antoine Sherman & Keva Cole, committed Fraud in the factum, rendering the transaction illegal, and thus stands as fraud which induced Antoine Sherman & Keva Cole to enter the contract upon terms and conditions other than agreed upon. . . .

10.  This is the implementation of a real defense and is effective even against a holder in due course as stated in T.C.A. Title 47 in section 3-305(3)b.

---

[1]   Saxon is not the lender. According to Saxon's website, it "is a servicer of residential mortgages." Https://www.saxononline.com/common/home/.

(<u>Id.</u> at 2.) The prayer for relief asks the Court to set aside the foreclosure and award compensatory damages of $2 million for attempted wrongful foreclosure, breach of contract, and breach of fiduciary duty. (<u>Id.</u> at 13.) Plaintiffs also seek a temporary restraining order and a preliminary injunction allowing them to exercise dominion and control over the property during the pendency of this suit. (<u>Id.</u>)

According to the Sixth Circuit, "a district court may not <u>sua</u> <u>sponte</u> dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." <u>Apple v. Glenn</u>, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); <u>see also</u> <u>Benson v. O'Brian</u>, 179 F.3d 1014 (6th Cir. 1999); <u>Tingler v. Marshall</u>, 716 F.2d 1109, 1112 (6th Cir. 1983). An exception to this general rule permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." <u>Apple</u>, 183 F.3d at 478 (citing <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974)).

The facts that a litigant is proceeding <u>pro</u> <u>se</u> or is a prisoner do not absolve him or her from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of <u>pro</u> <u>se</u> prisoner suits, the Supreme Court suggested that <u>pro</u> <u>se</u> complaints are to be held to a less stringent standard than formal

> pleadings drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 404
> U.S. 519 . . . (1972) (per curiam). Neither that Court
> nor other courts, however, have been willing to abrogate
> basic pleading essentials in <u>pro</u> <u>se</u> suits. <u>See, e.g.</u>, <u>id.</u>
> at 521 . . . (holding petitioner to standards of <u>Conley</u>
> <u>v. Gibson</u>); <u>Merritt v. Faulkner</u>, 697 F.2d 761 (7th Cir.)
> (duty to be less stringent with <u>pro</u> <u>se</u> complaint does not
> require court to conjure up unplead allegations), <u>cert.</u>
> <u>denied</u>, 464 U.S. 986 . . . (1983); <u>McDonald v. Hall</u>, 610
> F.2d 16 (1st Cir.1979) (same); <u>Jarrell v. Tisch</u>, 656 F.
> Supp. 237 (D.D.C. 1987) (<u>pro</u> <u>se</u> plaintiffs should plead
> with requisite specificity so as to give defendants
> notice); <u>Holsey v. Collins</u>, 90 F.R.D. 122 (D. Md. 1981)
> (even <u>pro</u> <u>se</u> litigants must meet some minimum standards).

<u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also</u> <u>Lindsay</u>

<u>v. Owens Loan</u>, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich.

July 18, 2008) ("While <u>pro</u> <u>se</u> litigants should not be held to the

same stringent standard as licensed attorneys who draft pleadings

. . . , it is also not the role of the court to speculate about the

nature of the claims asserted."); <u>Reeves v. Ratliff</u>, No.

Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005)

("Judges are not required to construct a [<u>pro</u> <u>se</u>] party's legal

arguments for him."); <u>United States v. Kraljevich</u>, No. 02-40316,

2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); <u>Payne v.</u>

<u>Secretary of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003)

(affirming <u>sua</u> <u>sponte</u> dismissal of complaint pursuant to Fed. R.

Civ. P. 8(a)(2); "Neither this court nor the district court is

required to create Payne's claim for her."); <u>cf.</u> <u>Pliler v. Ford</u>,

542 U.S. 225, 231 (2004) ("District judges have no obligation to

act as counsel or paralegal to <u>pro</u> <u>se</u> litigants.").

        The first issue is whether this Court has subject-matter

jurisdiction over this action. Federal courts are courts of limited

jurisdiction. <u>Finley v. United States</u>, 490 U.S. 545, 547–48 (1989); <u>Aldinger v. Howard</u>, 427 U.S. 1, 15 (1976); <u>Stillman v. Combe</u>, 197 U.S. 436 (1905); <u>Turner v. Bank of N. Am.</u>, 4 U.S. 8, 10 (1799). Federal courts are obliged to act <u>sua</u> <u>sponte</u> whenever a question concerning jurisdiction arises. <u>See, e.g.</u>, <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 287 n.10 (1938); <u>Ricketts v. Midwest Nat'l Bank</u>, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" <u>Id.</u>

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint filed by Plaintiffs contains no jurisdictional allegations.

The Court has attempted to discern whether any basis for federal jurisdiction is apparent on the face of the complaint. The complaint is largely incomprehensible. It does not appear that this Court has federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A federal court has federal question jurisdiction only if the complaint asserts a right to relief under

5

the U.S. Constitution, federal law, or a treaty of the United States.

Plaintiffs' filing includes a legal issue that they call a "federal question," namely, "Does a Negotiable Instrument and Bond which is governed by Federal law and the uniform laws of all of the States including the District of Columbia become voidable if such negotiable instrument or bond violates the rules of the laws under which it is governed?" (D.E. 1 at 1.) That issue is insufficient to support federal jurisdiction because it "arises as a possible defense to a state law claim." Marel v. LKS Acquisitions, Inc., 585 F.3d 279, 280 (6th Cir. 2009). Likewise, the various "real defenses" Plaintiffs purport to assert against the foreclosure action (D.E. 1 at 2-5) do not provide a basis for federal subject-matter jurisdiction.

Much of the complaint consists of a list of cases (id.), and what purports to be a lengthy summary of the provisions of the "National Bank/Currency Act," as enacted by the Thirty-eighth Congress (id. at 8-12). The 38th Congress sat from March 4, 1863, to March 4, 1865. Plaintiffs are presumably referring to the National Bank Act of 1864, 13 Stat. 99, which provided, inter alia, for the federal chartering of national banks. Plaintiffs may also be referring to the National Currency Act of 1863, 12 Stat. 665.

The complaint cites provisions from the National Bank Act of 1964, taken from Statutes at Large, that prohibit national banking associations from holding real estate, either directly or under mortgage (D.E. 1 at 8); and that limit the total amount of

6

bank notes in circulation to $300 million (<u>id.</u> at 11); and they argue that "FEDERAL RESERVE NOTES ARE NOT MONEY BY LAW" (<u>id.</u> (irregular capitalization in original)). Plaintiffs also contend that "Banks and Financial Institutions cannot enter into mortgage agreements beyond a 5 year period" (<u>id.</u> at 3) and that their 30-year mortgage "by operation of law is fraud in the factum" (<u>id.</u>). Plaintiffs also assert that the Statutes at Large "hold[s] lawful and legal precedence over [the] United States Code." (<u>Id.</u> at 6.) This statement, which implicitly relies on 1 U.S.C. § 204(a), means only that the Statutes at Large controls when there is an issue whether the U.S. Code accurately sets forth the law as passed by Congress. Nothing in that provision, or in the decisions cited in the complaint, authorizes a federal court to ignore the numerous amendments to the federal banking laws in the past one hundred forty-five (145) years. Thus, Plaintiffs' vague references to the National Bank Act of 1864, which is currently codified, as amended, in Title 12 of the United States Code, are insufficient to give fair notice of their claims under that statute. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1955).

By complaining of alleged violations of Tennessee law, Plaintiffs may intend to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005)

(citations omitted). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For diversity purposes, a limited liability company is treated as a partnership rather than a corporation. Thus, a limited liability company is a citizen of every state in which one or more of its members resides. Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 F. App'x 731, 732-33 (6th Cir. 2002); see also Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.") (collecting cases); GMAC Comm. Credit v. Dillard Dep't Stores, 357 F.3d 827, 829 (8th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

Plaintiff has not properly alleged that there is diversity jurisdiction over this matter. "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, No. 08-3419, 2009 WL 542726, at *1 (3d Cir. Mar. 3, 2009) (per curiam); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); Leys v. Lowe's Home Centers, Inc., No. 1:08-cv-1084, 2009 WL 80380, at

8

\*3 (W.D. Mich. Jan. 9, 2009); <u>Ellis v. Kaye-Kibbey</u>, No. 1:07-cv-910, 2008 WL 2696891, at \*2-\*3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); <u>Miller v. New Hill Top Apartments</u>, Civil Action No. 3:07-CV-021248, 2008 WL 682500, at \*3 (D.S.C. Mar. 7, 2008); 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1208 (3d ed.).

In this case, the complaint alleges that Plaintiffs are residents of Tennessee (D.E. 1 at 1), but the complaint contains no allegations about the citizenship of either defendant. Wilson is a professional limited liability company with offices in Arkansas and Tennessee. Http://www.wilson-assoc.com/home.aspx. The complaint does not allege where the members of Wilson reside, and it seems very likely that at least some of the members of a law firm with offices in Knoxville, Memphis, and Nashville, Tennessee, reside in Tennessee. Therefore, the complaint does not adequately allege diversity jurisdiction.

Plaintiffs' filing does not comply with the Federal Rules of Civil Procedure in other respects. In particular, Fed. R. Civ. P. 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 10(b) provides as follows:

> A party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would

9

promote clarity, each claim founded on a separate
transaction or occurrence . . . must be stated in a
separate count.

See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple,
concise, and direct.").

A complaint violates these provisions when it "is so
verbose that the Court cannot identify with clarity the claim(s) of
the pleader and adjudicate such claim(s) understandingly on the
merits." Harrell v. Directors of Bur. of Narcotics & Dangerous
Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v.
Wisconsin Dep't of Corrections, 16 F. App'x 507, 509 (7th Cir.
2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2));
Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th
Cir. 1994) (criticizing district court for declining to dismiss
amended complaint with prejudice pursuant to Rule 8(a); noting that
"[a] complaint that is prolix and/or confusing makes it difficult
for the defendant to file a responsive pleading and makes it
difficult for the trial court to conduct orderly litigation);
Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12,
1991); Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A .
. . complaint must be presented with intelligibility sufficient
'for a court or opposing party to understand whether a valid claim
is presented and if so what it is.' . . . And it must be presented
with clarity sufficient to avoid requiring a district court or
opposing party to forever sift through its pages in search of that
understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d
40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d

437, 438-39 (8th Cir. 1983) (per curiam); <u>Gordon v. Green</u>, 602 F.2d 743 (5th Cir. 1979); <u>Windsor v. A Federal Executive Agency</u>, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8).

As previously stated, <u>see</u> <u>supra</u> pp. 1-2, Plaintiffs' complaint does not contain clear factual allegations and does not clearly state claims against each of the named defendants. The complaint also does not set forth separate "claims," as required by Fed. R. Civ. P. 10(b). Moreover, the complaint alleges "fraud" (D.E. 1 at 2), but does not state with particularity the circumstances constituting fraud, as required by Fed. R. Civ. P. 9(b).

Several aspects of Plaintiffs' complaint appear to be without merit as a matter of law. Although the complaint purports to allege various defenses to a foreclosure action, those defenses were apparently unsuccessful because the prayer for relief asks the Court to set aside the foreclosure. The United States Supreme Court is the only federal court with jurisdiction to review any state-court decision. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 474-82 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). "Under the <u>Rooker</u>-<u>Feldman</u> doctrine, a litigant who loses in and inviting district court review and rejection of those judgments").

> The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." <u>Coles v. Granville</u>, 448 F.3d 853, 858 (6th Cir. 2006)). "If the source of the injury is the state court decision, then the <u>Rooker</u>-<u>Feldman</u> doctrine would prevent the district

court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." <u>McCormick v. Braverman</u>, 451 F.3d 382, 393 (6th Cir. 2006). Additionally, the <u>Rooker</u>-<u>Feldman</u> doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." <u>Hood v. Keller</u>, 341 F.3d 593, 597 (6th Cir. 2003).

<u>Abbott v. Michigan</u>, 474 F.3d 324, 328 (6th Cir. 2007). Plaintiffs claim to be injured by the foreclosure judgment, <u>see</u> <u>id.</u> at 328-29, and the <u>Rooker</u>-<u>Feldman</u> doctrine precludes this Court from reviewing that state-court decision.[2]

If the foreclosure action is still pending in state court, Plaintiffs' prayer for relief from the foreclosure is precluded by the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined

---

[2]     Although Plaintiffs contends Defendants did not produce the original promissory note in some other suit, the <u>Rooker</u>-<u>Feldman</u> doctrine also bars claims that the state courts used unfair procedures in reaching their decisions. <u>Carter v. Burns</u>, 524 F.3d 796, 799 (6th Cir. 2008) ("Carter's alleged injury—that the Tennessee courts deprived him of judicial review and redress for his constitutional claims—is an injury from the prior state-court determinations that his constitutional claims were not cognizable or were otherwise barred."); <u>Raymond v. Moyer</u>, 501 F.3d 548, 553 (6th Cir. 2007) ("[T]he Supreme Court has made clear that the <u>Rooker</u>-<u>Feldman</u> doctrine applies even when the state court provides as little process as it did here."); <u>Williams v. Liberty Bank</u>, No. 07-CV-12761, 2008 WL 841627, at *2 (E.D. Mich. Mar. 28, 2008).

exceptions,' which are set forth in the statutory language." Andreano v. City of Westlake, 136 Fed. Appx. 865, 878 (6th Cir. 2005) (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)). This case does not fall within one of the statutory exceptions to the Anti-Injunction Act. Mitchum v. Foster, 407 U.S. 225, 233-38 (1972).

Therefore, Plaintiffs' filing does not allege any claim over which this Court has subject-matter jurisdiction. Ordinarily, a first dismissal under Rule 12 of the Federal Rules of Civil Procedure is without prejudice to a litigant's right to file an amended pleading. The Court therefore DISMISSES Plaintiffs' complaint without prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) & (h)(3), for want of subject-matter jurisdiction. The Court DENIES a temporary restraining order and preliminary injunction.

Although the Court will not direct Plaintiffs to file an amended complaint, they will be afforded an opportunity to amend if they choose to do so. Any amendment must adequately plead some basis for federal subject-matter jurisdiction. The complaint must also comply with Fed. R. Civ. P. 8(a), 9, and 10(b). The Clerk is directed to delay the entry of judgment for 30 days to permit Plaintiffs the opportunity to file an amendment.

IT IS SO ORDERED this 14th day of June, 2010.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

13